

# THE ATTORNEY GENERAL
## OF TEXAS

Honorable J. H. O'Neall
County Attorney
Swisher County
Tulia, Texas

Dear Sir:

Opinion No. O-4722
Re: Article 666-44, V. A. P. C.--
Opinion No. O-4040--searches,
seizures and forfeitures.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Opinion No. O-4040
Re: Art. 666-44 V.A.P.C.
Searches, seizures and forfeiture.
April 17th. 1942

The following questions have grown out of the matters referred to in the above opinion and the facts are as follows: The car mentioned in said opinion was released as stated in my letter. The defendent learning that the car was released fled to Oklahoma and is still there. Since we have no car he seems to feel that we are helpless because of the release of the car and the bond which was approved by the sheriff of Lubbock County and accepted by our sheriff (for his appearance for trial) in not collectable-- securities no good.

"I am confident that if we can again take possession (legally) of the car the defendant will again appear since he and pretended owner of car are friends. I think we can locate car.

"QUESTION

"I think we are warranted under the law to again take the car since it was not legally released and is still in hands of the pretended owner. AM I RIGHT?

"If I have rightly construed the law, would it require a court order to repossess the car?

"We are having trouble plenty with bootleggers and will appreciate your early reply to this.

"QUESTION TWO

"If the car is ordered sold by the court and a valid lien holder establishes his claim and said claim is more than the highest bid on the car- Can he take all the proceeds before costs are paid or must he take the balance after said costs are paid?"

In our opinion No.O-4040, addressed to you, we hold that the Sheriff had no authority to release the automobile under the facts stated in your letter in the manner that he did. We quoted Article 666-44, Vernon's Annotated Texas Penal Code, as authority for such holding. Since you already have a copy of this opinion we do not feel.it necessary to again quote this Article or to elaborate on our holding in said opinion.

In answer to your first question it is our opinion under the facts given that the Sheriff would not be authorized to re-take possession of the car unless he had a court order. (Of course, though, if the car was transporting whiskey again he could take it and the whiskey without a court order; however, we assume from your letter that the car is not now being used for transporting whiskey.)

In answer to your second question it is our opinion that the costs must be paid before the lien from the proceeds of the sale of the car. See Article 666-44, Vernon's Annotated Texas Penal Code, which provides in part as follows:

". . . and the officer making the sale, after deduction the expenses of keeping the property, the seizure, and the cost of the sale, shall pay all liens, according to their priorities. . . "

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Assistant

APPROVED JULY 31, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By BWB, Chairman